UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE BAKER,

    Plaintiff,

v.                                                                  Case No.:

CITY OF MIDWAY,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GEORGE BAKER ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, CITY OF MIDWAY ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Northern District of Florida, because all of the events giving rise to these claims occurred in Gadsden County, Florida.

### PARTIES

4. Defendant operates a city in Midway, in Gadsden County, Florida.

5. Defendant is a municipality.

6. Plaintiff worked for Defendant as a maintenance/laborer.

## GENERAL ALLEGATIONS

7. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

10. Defendant continues to be an "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

12. At all times material hereto, the annual gross sales volume of Defendant exceeded $500,000 per year. Thus, Defendant was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

13. Plaintiff has satisfied all conditions precedent, or they have been waived.

14. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

15. Plaintiff requests a jury trial for all issues so triable.

## FACTS

16. Plaintiff worked for Defendant from January 2019 to present as a maintenance laborer at the Public Works building.

17. Plaintiff was employed pursuant to a contractor agreement paying Plaintiff $500 per month paid bi-weekly, which spanned from January to September 2019.

18. Pursuant to the agreement, Plaintiff was to be treated as an independent contractor and would perform his job-duties without direct supervision.

19. However, Plaintiff was required to work forty (40) hours per week and was instructed where to go on a daily basis by Defendant. Further, Plaintiff used city equipment to complete his job-duties, including but not limited to, the city owned lawnmower.

20. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and he was not paid a minimum wage for all of the hours that he worked.

21. By misclassifying Plaintiff as an independent contractor, Defendant failed to pay Plaintiff a minimum wage.

22. By failing to accurately record all of the hours worked by Plaintiff Defendant have failed to make, keep, and preserve records with respect to Plaintiff in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2.

23. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

### COUNT I – FLSA MINIMUM WAGE VIOLATION

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25. During the statutory period, Plaintiff worked for Defendant, and he was not paid the applicable minimum wage for the hours that he worked, as mandated by the FLSA.

26. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

27. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 31st day of January, 2020.

Respectfully submitted,

_____
**CHRISTOPHER J. SABA**
Florida Bar Number: 0092016
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-321-4086
Facsimile: 813-229-8712
Email: csaba@wfclaw.com
Email: tsoriano@wfclaw.com
**Attorneys for Plaintiff**